J-A17004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF JP MORTGAGE TRUST 2006-A5, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARYANNE APPLEGATE, | |
| Appellant | No. 1566 EDA 2015 |

Appeal from the Order May 1, 2015
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2011-04207

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 10, 2016**

Appellant, Maryanne Applegate, appeals *pro se* from the order granting summary judgment in favor of Appellee, US Bank National Association, as Trustee of JP Mortgage Trust 2006-A5, in this mortgage foreclosure action.  Appellant has also filed a *pro se* Petition to Include Written Oral Argument Summary en [sic] Lieu of Receipt of the Designated Standard Argument at Session (Petition).  We affirm on the basis of the trial court opinion and deny Appellant's Petition as moot.

---

[*] Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. (**See** Trial Court Opinion, 8/19/15, at 1-4). Therefore, we have no reason to restate them.

Appellant raises the following four questions for our review:

> I. Did the [trial c]ourt commit a reversible error of law by granting a motion for summary judgment when several material issues of fact remain disputed in the record, such as whether or not Appellee has standing to initiate the instant litigation and whether or not Appellee violated TILA and RESPA in issuing the loan?
>
> II. Did the [trial c]ourt commit a reversible error of law when it dismissed Appellant's counterclaims, and denied Appellant's preliminary objections to Appellee's complaint and reply to new matter?
>
> III. Did the [trial c]ourt commit a reversible error of law when it accepted and considered Appellee's numerous unverified court filings over Appellant's repeated objections?
>
> IV. [ ] Did the [trial c]ourt commit a reversible error of law when it failed to construe Appellant's *Pro Se* pleadings liberally, as required by Pa.R.C.P. 126?

(Appellant's Brief, at 5-6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, 8/19/15, at 7-15) (concluding: (1) there are no material issues of disputed fact in this matter; (2) the originating bank's assignment of mortgage was proper and valid; (3) the trial court properly struck

Appellant's counterclaims and denied (overruled) Appellant's preliminary objections; and (4) while this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status does not entitle a litigant to any particular advantage). ***See also Branch Banking & Trust v. Gesiorski***, 904 A.2d 939 (Pa. Super. 2006):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.
>
> [***Commonwealth v. Rivera***, 685 A.2d 1011, 1012 (Pa. Super. 1996)] (quoting ***O'Neill v. Checker Motors Corp.***, [ ] 567 A.2d 680, 682 ([Pa. Super.] 1989)). The ***Rivera*** court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof."

***Id.*** at 942-43 (some citations omitted).

We note in particular that Appellant incorrectly assumes that Pennsylvania Rule of Civil Procedure 126 required the trial court to construe her *pro se* pleadings in a light most favorable to her. (***See*** Appellant's Brief, at 41-42). Appellant's reliance on Rule 126 is misplaced. First, the rule applies to all litigants, not only those who proceed *pro se*. In any event, the principle of liberal construction embodied in Pa.R.C.P. 126 does not entitle Appellant — or any other litigant — to review in the light most favorable to her claims.

We add for clarity and completeness that Appellant's third claim ("numerous unverified court filings") does not merit reversal of summary judgment or any other relief. (Appellant's Brief, at 5). Appellant's blanket claim that Appellee's pleadings were "rife with unverified documents" is too vague to enable meaningful review. (*Id.* at 40). It is not the function of this Court to scour the record to find evidence to support a litigant's claims. *See J.J. DeLuca Co. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa. Super. 2012). In any event, Appellee supplied a verification in support of its answer to Appellant's preliminary objections. (*See* Verification of William Bellows, filed 6/25/13). We find that Appellant has waived her third claim.

In view of our disposition is it is unnecessary for us to review the numerous other defects and errors in Appellant's argument, and we expressly decline to do so.

Finally, as previously noted, Appellant has petitioned this Court for permission to present a "written oral argument summary" [sic] for our consideration. (Petition, 7/06/16, at 1). Appellant maintains that she was "mistakenly" assigned to the expedited argument list and deprived of the fifteen minutes of standard argument time she had anticipated and for which she had prepared. (*Id.*). She asks this Court to review and consider her petition as a written version of the full oral argument she **would** have made had she not been deprived of the opportunity, in supplementation of the

expedited argument she already made. (*See id.* at 1-7). Appellant's claim is moot and would not merit relief.

Preliminarily, we note that Appellant's factual claim is not supported by the evidence of record. As conceded by Appellant, her case was listed for standard, not expedited, argument. (*See* Petition, at 1). While the presiding judge has the prerogative to move an argument to the expedited list, that did not happen here.

Notably, Appellant made no claim to the panel at the time of argument that she had been mistakenly assigned to the expedited argument list, and did not request any other special relief. In fact, there would have been no point in doing so, because court records confirm that she received the full amount of time allotted for standard argument.[1] Therefore, her petition is moot.

Moreover, it would not merit relief.

> [O]ral argument is not a matter of right. This Court, in its discretion, may direct that any case brought before it be removed from an argued list and considered on the submitted briefs. **We may also curtail the time allocated for oral argument in our sole discretion**.

---

[1] We observe that many litigants, especially those unfamiliar with appellate procedure, and particularly *pro se* appellants, wish in hindsight that they had received more time to argue, or regret omitting arguments they wish they had made. However, the natural regrets of hindsight do not constitute a valid ground for extraordinary legal relief.

In support, we cite to Pennsylvania Rule of Appellate Procedure 2315, which provides in relevant part as follows:

**Rule 2315. Time for Argument; Argument Lists**

**(a) General rule.  Oral argument is not a matter of right** and will be permitted only to the extent necessary to enable the appellate court to acquire an understanding of the issues presented. **The presiding judge may terminate the argument for any party** notwithstanding the fact that the maximum time for argument specified in the applicable provision of these rules has not been exhausted.

Pa.R.A.P. 2315(a) (emphasis added [in original]).

We repeat that oral argument is only necessary to enable [this Court] to acquire an understanding of the issues.

*Coulter v. Ramsden*, 94 A.3d 1080, 1090 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014) (first emphasis added; one citation and internal quotation marks omitted).

Accordingly, even if this Court had reduced Appellant's argument time, which we repeat for clarity and emphasis that **it did not**, the claim would be virtually unreviewable, short of clear and convincing proof of a palpable abuse of discretion.

Moreover, Appellant fails to develop a proper claim for reargument. Reargument in the appellate courts is governed by Pennsylvania Rules of Appellate Procedure 2541-2547.  Rule 2543 provides that reargument will be allowed only when there are compelling reasons.  "Reargument before an appellate court is not a matter of right, but of sound judicial discretion, and reargument will be allowed only when there are compelling reasons

therefor." Pa.R.A.P. 2543. The rule does not define "compelling," but the Official Note to the rule lists four examples of reasons that might be considered compelling.[2] (*See* Pa.R.A.P. 2543 **Note**).

Here, Appellant's petition falls far short of the quality and character of the compelling reasons required for reargument. To the contrary, Appellant's petition more closely resembles a request for a "second bite of the apple," that is, an unauthorized opportunity to repeat claims and arguments already made, beyond the rules of appellate procedure.[3] ***See,***

_____

[2] The following, while neither controlling nor fully measuring the discretion of the court, indicate the character of the reasons which will be considered:

> (1) Where the decision is by a panel of the court and it appears that the decision may be inconsistent with a decision of a different panel of the same court on the same subject.

> (2) Where the court has overlooked or misapprehended a fact of record material to the outcome of the case.

> (3) Where the court has overlooked or misapprehended (as by misquotation of text or misstatement of result) a controlling or directly relevant authority.

> (4) Where a controlling or directly relevant authority relied upon by the court has been expressly reversed, modified, overruled or otherwise materially affected during the pendency of the matter *sub judice*, and no notice thereof was given to the court pursuant to Rule 2501(b) (change in status of authorities).

Pa.R.A.P. 2543, Note.

[3] ***See also*** Pa.R.A.P. 2315 Note, which in pertinent part advises that: "The maximum time is intended as a **limit for complex cases**, and counsel should prepare for argument on the assumption that **less than the**
*(Footnote Continued Next Page)*

*e.g., Pa. Tpk. Comm'n v. Murphy*, 25 A.3d 1294, 1298 (Pa. Commw. Ct. 2011) (denying Turnpike Commission's application to supplement record as seeking proverbial second bite of the apple).[4]

Accordingly, we will affirm on the basis of the trial court's opinion.

Order affirmed. Petition denied as moot.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2016

---

*(Footnote Continued)*  ――――――――

**maximum time for argument may be allowed by the presiding judge**." (emphases added).

[4] This Court is not bound by decisions of the Commonwealth Court, but they may provide persuasive authority. *See Md. Cas. Co. v. Odyssey Contracting Corp.*, 894 A.2d 750, 756 n.2 (Pa. Super. 2006), *appeal denied*, 909 A.2d 1290 (Pa. 2006), *cert. denied*, 549 U.S. 1305 (2007).

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

U.S. BANK, NATIONAL ASSOCIATION,                    :
as TRUSTEE OF J.P. MORGAN MORTGAGE                  :        No. 2011-04207-36
TRUSTEE 2006-A5                                      :

                        v.                           :

MARYANNE APPLEGATE                                   :



Case # 2011-04207 B09   10963141
Code 5214        Judge:36
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt: Z1361114  8/19/2015 10:36:48 AM

## OPINION

Defendant, Mary Anne Applegate (hereinafter referred to as "Ms. Applegate" or "Appellant"), appeals from this Court's Order of May 1, 2015, which found in favor of Plaintiff U.S. Bank, National Association, as Trustee of J.P. Morgan Trust 2006-A5 (hereinafter referred to as the "Bank") on its Motion for Summary Judgment in this mortgage foreclosure action. Appellant is the mortgagor and the record and real owner of the subject premises located at 1285 Eagle Road, New Hope, Bucks County, Pennsylvania (hereinafter referred to as the "Premises"). Specifically, the May 1, 2015 Order granted the Bank's motion and entered judgment *in rem* in favor of the Bank and against Ms. Applegate for One Million Six Hundred Seventy-Three Thousand One Hundred Fifty-Nine Dollars and Seven Cents ($1,673,159.07), in addition to per diem interest of Two Hundred Twenty-Eight Dollars and Thirty-Eight Cents ($228.38) commencing April 30, 2014, together with other costs and charges collectible under the mortgage for foreclosure and sale of the mortgaged property.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The instant matter was initiated on May 9, 2011, when the Bank filed a Complaint in mortgage foreclosure against Ms. Applegate. The Complaint avers that Ms. Applegate

(60)

defaulted under the terms of the Promissory Note which was executed on May 23, 2006, in favor of Mortgage Electronic Registration Systems, Inc.("MERS"), as nominee for Merrill Lynch Credit Corporation, in the original principal amount of One Million Two Hundred Thirty-Five Thousand Dollars ($1,235,000.00) (hereinafter referred to as the "Note").[1] The Note was secured by a Mortgage on the Premises where Ms. Applegate continues to reside. Beginning July 1, 2006, Appellant was obligated, pursuant to the Note, to pay monthly interest on the unpaid principal balance in the amount of Six Thousand Nine Hundred Forty-Six Dollars and Eighty-Eight Cents ($6,946.88).[2] In July 2016, Appellant is to begin making monthly payments of principal and interest and any other charges as described in the Note. On the maturity date of June 1, 2036, Appellant is to pay any and all amounts remaining due and owing under the Note. Appellant has defaulted on her monthly mortgage payments commencing as of September 1, 2010, a period of nearly five (5) years, while she has continued to reside at the Premises.

On May 13, 2011, pursuant to Bucks County Administrative Order No. 55, an Order was entered scheduling this matter for a Conciliation Conference on August 15, 2011, consistent with the provisions of Bucks County Residential Mortgage Foreclosure Diversion Program (hereinafter referred to as the "Diversion Program"). This matter proceeded through the conciliation process until May 21, 2012, when an Order was entered which noted that an agreement could not be reached between the parties. The

---

[1] The Complaint averred that the assignment was in the process of being formalized at the time of the filing, and relevant assignment documents were attached to the Complaint. The Pennsylvania Superior Court has held that a complaint is sufficiently plead when it puts the petitioner on notice that the bank is the legal owner of a mortgage. Furthermore, the Superior Court has held that a bank's averment of a yet-to-be-completed assignment constitutes sufficient compliance with Rule 1147(a)(1). US Bank N.A. v. Mallory, 982 A.2d 986 (Pa.Super.2009).

[2] Complaint, Exhibit B.

Bank was therefore permitted seek judgment against Appellant, after waiting thirty (30) days from the date of that Order.[3]

After unsuccessfully concluding participation in the Diversion Program, Ms. Applegate filed Preliminary Objections to the Bank's foreclosure Complaint on June 27, 2012. Ms. Applegate failed to file the required praecipe pursuant to Bucks County Rule 208.3B and, on July 19, 2012, the Bank as the non-moving party filed the required praecipe to advance Ms. Applegate's Preliminary Objections before the undersigned for determination.

On July 31, 2012, Appellant's counsel filed a petition to withdraw his appearance which, following the proper procedural protocols, was subsequently granted by this Court's Order of October 10, 2012.[4] On June 17, 2013, well beyond the sixty (60) days Appellant had been afforded to seek new counsel, no new counsel having entered his or her appearance, the Bank filed a renewed Rule 208.3B praecipe, and on July 25, 2013 Ms. Applegate's Preliminary Objections were forwarded to the undersigned for review. On August 15, 2013 we denied those Preliminary Objections.

Ms. Applegate then filed an Answer, New Matter and Counterclaim on September 6, 2013. On September 19, 2013, the Bank filed Preliminary Objections to Ms. Applegate's Answer, New Matter and Counterclaim, and Ms. Applegate thereupon filed

---

[3] Following the first conciliation conference on August 16, 2011, Appellant was to provide the Bank with her 2009-2010 tax returns. At the next scheduled conference in November 2011 it was resolved that Appellant would provide a Profit and Loss Statement (presumably from her business) a PHH loan form, and again, her 2009-2010 tax returns. The next conference was scheduled for March 5, 2012; however, Appellant was afforded until April 16, 2012 to provide her supplemental information, and the conference was re-scheduled for May 21, 2012. By Order dated May 21, 2012, it was determined that the parties could not reach an agreement and the conciliation process was concluded.

[4] The docket reflects that two Orders granting the petition to withdraw were entered. The Orders are identical but reflect two different dates: October 2, 2012 and October 10, 2012. We attribute this to administrative oversight which has no bearing on this litigation. The language of those Orders provided a sixty (60) day stay in proceedings which afforded Ms. Applegate a generous opportunity to obtain new counsel. Ms. Applegate has chosen to pursue this matter *pro se.*

3

an Amended Answer, New Matter and Counterclaim on October 8, 2013. On October 28, 2013 the Bank filed Preliminary Objections to the Amended pleadings. Subsequently, Ms. Applegate filed responsive pleadings in opposition to the Bank's objections. Pursuant to our Order of March 27, 2014, we sustained the Bank's Preliminary Objections as to the Counterclaim, which was stricken, and we denied and dismissed the Bank's Preliminary Objections to Ms. Applegate's New Matter.

In response to the Bank's Reply to Defendant's New Matter, Ms. Applegate filed yet additional Preliminary Objections. Ms. Applegate again failed to file the required Rule 208.3B praecipe, and again, the Bank filed the praecipe to advance Appellant's objections for review. On November 18, 2014 this Court denied and dismissed Ms. Applegate's Preliminary Objections.

On December 8, 2014, the Bank filed its Motion for Summary Judgment. Ms. Applegate's filed a Response in opposition. Pursuant to our Order of May 1, 2015, we granted the Bank's Motion and entered judgment *in rem* in favor of the Bank and against Ms. Applegate, the terms of which have been recited above. The Bank filed a praecipe dated May 19, 2015, entered on the docket on May 21, 2015, to enter judgment pursuant to our May 1, 2015 Order. On May 27, 2015, Ms. Applegate filed her Notice of Appeal to the Superior Court.[5]

---

[5] Ms. Applegate references that she is appealing from an Order dated April 30, 2015. No such Order exists, but we choose to accept this as a typographical error. Ms. Applegate's 1925(b) Concise Statement of Errors Complained of on Appeal properly references our Order of May 1, 2015.

4

## II. STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

We recite Appellant's Statement of Matters Complained of on Appeal *verbatim*, below:[6]

1. The lower court erred as a matter of law in granting Plaintiff's motion for Summary Judgement by Order dated May 1, 2015.

2. The lower court erred as a matter of law in finding that there was no issue of material fact which would prevent the entry of summary judgement.

3. The lower court erred in finding that Defendant's Affidavit in Opposition to Motion for Summary Judgement did not raise issues of material fact which would prevent granting Plaintiff's Motion for Summary Judgement. Material facts are in dispute which prohibit summary judgement. The facts still in dispute are contained below.

4. The lower court erred in finding that Defendant's Affidavit in Opposition to Motion for Summary Judgement did not raise issues of material fact, included but not limited to the following:

   a)    Whether the court properly found that the chain of title allowed this Plaintiff to bring this action. The validity of Plaintiff's Assignment of Mortgage and its capacity to sue.

   b) Whether this Plaintiff was in chain of title so as to foreclose on the mortgage.

   c) Whether the court properly found that the Plaintiff's application of payments were correct.

   d) Whether the court properly found that there were no improper payments of taxes and insurance by Plaintiff.

   e) Whether the court properly found that Plaintiff provided a proper accounting to Defendant.

   c) (sic) [properly labeled (f)] Whether the court properly found no deficiency in pre foreclosure notices.

---

[6] Ms. Applegate also includes a memorandum with her Statement of Matters, which despite her referral to it as a "more concise statement," contains a recitation of the procedural background and a re-argument of the merits of her alleged defense to this litigation.

d) (sic) [properly labeled (g)] Whether the court properly found that Plaintiff did not violate TILA and RESPA in making the loan.

e) (sic) [properly labeled (h)] Whether the court properly found Plaintiff properly serviced the loan and considered all possible alternatives to foreclosure.

5. The lower court erred in failing to construe Defendant's pro se pleadings in a light most favorable to her in accordance with Pa. R.C.P. 126.

6. The lower court erred as a matter of law in granting Plaintiff's preliminary objections to Defendant's counterclaims.

## III. STANDARDS OF REVIEW

The relevant standards of review in Pennsylvania are well-settled: Summary Judgment may only be granted where the right to judgment is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. The trial court may be overturned as to the entry of Summary Judgment only if there has been an error of law or a clear abuse of discretion. J.P. Morgan Chase Bank v. Murray, 63 A.3d 1258 at 1261-1262 (Pa. Super. 2013); First Wisconsin Trust v. Strausser, 653 A.2d 688, 691 (Pa. Super. 1995)(internal citations omitted).

## IV. DISCUSSION

A review of Appellant's Statement of Matters Complained of on Appeal suggests an ongoing effort to delay this mortgage foreclosure action, which is now approaching its five-year anniversary. It is important to note that this is an *in rem* action which has the sole purpose of obtaining judgment through mortgage foreclosure in order to effect a judicial sale of the mortgaged real estate. Insilco Corp. v. Rayburn, 542 A.2d 120 (Pa. Super. 1988). An action in mortgage foreclosure is strictly an *in rem* action and may not

6

include an *in personam* action to enforce personal liability. Pa. R.C.P. 1141. While we are of the view that Appellant's Statement of Matters is devoid of any merit, we address Appellants' issues on appeal as follows:

## A.     There are No Issues of Disputed Material Fact in this Matter

Appellant's first three (3) issues complained of on appeal allege that it was error to grant the Bank's Motion for Summary Judgment because disputed material issues of fact exist which preclude such a ruling.  Ms. Applegate has failed to support her allegations with any substantive evidence.

Summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits to being delinquent in mortgage payments, admits that she has failed to pay interest on the obligation, and admits that the recorded mortgage is in the specified amount. This is so even if the mortgagor has not admitted the total amount of the indebtedness in her pleadings. Cunningham v. McWilliams, 714 A.2d 1054, 1056-57 (Pa. Super. 1998), Strausser, *supra.* at 694.

Ms. Applegate has variously either admitted the material facts underlying this cause of action or failed to raise a genuine issue of material fact in her Amended Answer. Appellant admitted in her Amended Answer that she executed the promissory note which is properly recorded as a public record.  She also admitted that the mortgage encumbers the Premises and that she resides at the Premises. Appellant further admitted that the assignment of the mortgage is properly recorded and of public record.

Any remaining paragraphs contained within Ms. Applegate's Amended Answer consist of improper denials. In mortgage foreclosure actions, general denials have been held by our Courts to constitute admissions sufficient to support a Motion for Summary

7

Judgment. <u>Strausser</u>, *supra.* General denials by mortgagors as to the principal and interest owing must be considered an admission of those facts. <u>New York Guardian Mortgage Corp. v. Dietzel</u>, 524 A.2d 951 (Pa. Super. 1982).

Appellant responded to the Bank's averment that she failed to make monthly payments by denying it as a "conclusion of law." The Bank's pleading, however, is an averment of fact requiring a specific denial. Appellant's general denial is improper, and is therefore appropriately deemed an admission.

Appellant denied the amounts due under the mortgage. The amounts due were clearly established by the payment history of the loan, the Mortgage, and the Note, copies of which were attached to the Bank's Summary Judgment Motion. The Bank established by sworn affidavit that the loan was in default, and that the default had not been cured. A precise amount due was set forth. Based on all of the above, we found that the Bank established all of the elements necessary for the proper entry of Summary Judgment, and that no genuine issues of disputed material fact existed.

In her fourth matter complained of on appeal, Appellant lists seven (7) examples where she asserts this Court erred in finding that no issues of disputed material fact existed. Supplementing our preceding explanation, we will address each of Appellant's asserted errors as follows:

**4(a-b). The Bank's assignment of mortgage in this case was lawful and valid**

The Assignment of Mortgage in favor of the Bank was duly recorded in the office of the Recorder of Deeds of Bucks County on April 5, 2011. Book 6696, Page 2089, Instrument No. 2011026884. As previously noted, as of the time the Complaint was filed, the assignment of mortgage had not yet been completed. The Superior Court, however,

8

has held that a bank's averment of a yet-to-be-completed assignment is sufficiently compliant with Pa.R.C.P.1147(a)(1). Mallory, *supra.* at 991, and *see,* footnote 2. In Appellant's "Affidavit" filed in response to the Bank's Motion for Summary Judgment, she admits that the Mortgage has been assigned to the Bank. Appellant then observes that in 2014 a Federal Court in Philadelphia certified a class action against MERS asserting a scheme to circumvent mandatory recording, but she fails to draw any connection to conduct in this litigation and the federal case to which she refers.[7] In accordance with the relevant decisional law, then, as well as Appellant's own acknowledgment as to the assignment, there exists no genuine issue of disputed fact as to the validity of the assignment to the Bank, and as to the Bank's capacity to pursue this action.

We presume Appellant's assertion that the Bank was not in the chain of title so as to be able to foreclose on the mortgage is related to her suggestion that the assignment was not valid. Based on our discussion above, we find such an assertion to be wholly without merit.

### 4(c), (d), and (e). Appellant's assertions regarding the application of payments and the providing of an Accounting by the Bank are baseless in this foreclosure action

We reiterate that pursuant to Pennsylvania law, courts regularly have held that a general denial is the same as an admission of the fact pleaded. A defendant who fails to specifically deny allegations in a mortgage foreclosure case effectively admits that her mortgage was in a specific amount, was in default, and that she has failed to pay interest on the mortgage. Strausser, *supra* at 692.

---

[7] Our comprehensive review of Appellant's pleadings has revealed that they often contain statements which are difficult to comprehend and of little or no value in assessing the merits of her positions. It appears that her statements are intended to disparage the conduct of the Bank in an effort to cloud the relevant issues.

Here, the Bank alleged in its Complaint that Ms. Applegate "is in default because the monthly installments of principal and interest and other charges stated below, all as authorized by the Mortgage, are due as of September 1, 2010 and have not been paid, and upon failure to make such payments when due, the whole of the principal, together with charges specifically itemized below are immediately due and payable." Appellant responded in her Amended Answer by stating that the averments were denied as "conclusions of law." However, whether or not Appellant defaulted on the Mortgage is a factual allegation which she was required to specifically deny or admit pursuant to Pa. R.C.P. 1029. *Id.*

While Appellant alleges that "the amount alleged to be due and owing in Plaintiff's Complaint including, but not limited to, principal balance, interest, late charges, escrow advances, and attorneys and other fees are overstated...," we determined that her general denial did not overcome the fact that Ms. Applegate "nowhere disputes that [she] failed to make required payments pursuant to the Mortgage." *Id.* Thus, Appellant's general denial of whether she had defaulted on the mortgage was properly deemed an admission by the Court, and this formed part of the basis for our decision that the Bank was entitled to Summary Judgment. *Id.* Appellant's irrelevant statements, such as those contained in subsections (c) and (d) of her Statement of Matters, which question the Bank's application of payments and the Bank's payments of taxes and insurance, are typical of what we consider to be not only meritless, but frivolous arguments.

At subsection 4(e) of her Statement of Matters Complained of on Appeal, Appellant suggests that this Court was required to review and Order that the Bank provide her with

10

a "proper accounting." This is another incorrect statement of the law in this foreclosure action.

In Landau v. Western Pennsylvania National Bank, 282 A.2d 335 (Pa. 1971), the Supreme Court of Pennsylvania determined that the homeowner-mortgagors had not raised "any genuine issue as to the amount of damages to be awarded in the mortgage foreclosure action." The Court then concluded that defendant-mortgagors were "unquestionably entitled to an accounting, but that accounting [was] not due until the property [was sold at sheriff's sale and distribution of the proceeds [was] made." *Id.* at 340. Appellant in this case, then, is clearly not entitled to an accounting until the Premises is sold and distribution of proceeds takes place.

### 4(f). There was no deficiency in the pre-foreclosure notice process

Appellant asserts that this Court erred by not finding that the pre-foreclosure notices were deficient. On November 11, 2010 the Bank provided Appellant with a pre-foreclosure notice.[8] The Notice provided Ms. Applegate with notification of her default, described the actions required to cure the default, described when the default must be cured, and provided notice that the failure to cure the default might result in acceleration of the sums due which were secured by the Mortgage. Importantly, the Act 6 Notice requirements do not apply to this matter, because the original bona fide principal amount of the mortgage loan exceeds the base figure, Two Hundred Seventeen Thousand Eight

---

[8] A copy of such Notice was attached to the Bank's Complaint and to it's Motion for Summary Judgment. While it appears that two additional pages pertaining to an unrelated foreclosure matter were in fact attached at the back of the Notice provided to Ms. Applegate, it does not negate the Notice she received. Common sense dictates this was accidental on the part of the Bank. Ms. Applegate's arguments about the magnitude of this error, and the significance of having received two additional pages in error, are, to say the least, unpersuasive.

11

Hundred Seventy-Three Dollars ($217,873.00), to qualify as a residential mortgage pursuant to 41 P.S. §101.

While the Bank asserts that Act 91 Notice requirements do not apply because this Property is encumbered by more than two (2) mortgages, pursuant to 35 P.S. §1680.401c(a)(7), and Appellant asserts the Property is only encumbered by two (2) mortgages, we find this dispute irrelevant. Indeed, Act 91 Notice was provided to Ms. Applegate. Finally, the Bank did not commence this action until May 9, 2011. Pursuant to 35 P.S. §1680.403c(2), Ms. Applegate was afforded over thirty (30) days between Notice and the filing of an action to cure her default. We find, then, that Appellant's allegations of flaws in the pre-foreclosure notice practice are factually as well as legally deficient.

**4(g), (h) 6. TILA and RESPA do not provide lawful defenses to Appellant in this litigation; correspondingly, Appellant's counterclaim was properly stricken.**

Appellant's Counterclaim, which was stricken by this Court's Order of March 27, 2014, had raised multiple theories of predatory practices, equitable relief, res judicata, breach of contract, violations of TARP (The Troubled Asset Relief Program), violations of RESPA (The Real Estate Settlement Procedures Act), violations of UTPCPL (The Uniform Trade Practices Consumer Protection Law), violations of HOEPA (The Home Ownership and Equity Protection Act), and violations of TILA (The Truth-in-Lending Act).

The general rule in Pennsylvania is that counterclaims in a mortgage foreclosure action are only permissible if they arise from the same transaction from which the Plaintiff's cause of action arose. See Pa.R.C.P. 1148, Green Tree Consumer Disc. Co. v. Newton, 909 A.2d 811, 814 (Pa. Super. 2006). As previously noted, an action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a mortgage foreclosure is

12

solely to effect a judicial sale of the mortgaged property. A judgment in a mortgage foreclosure action is not a judgment for money damages and therefore cannot be an "action to collect amounts owed" or "an action to collect the debt" as is required to raise defenses pursuant to §1640(h) and (e) of the Truth–In–Lending Act. *Id* at 815. Furthermore, although Appellant makes conclusory statements that the Bank violated the guidelines of TILA and RESPA, she does not indicate the manner in which she alleges she is not in default. The supporting documentation attached to the Bank's Motion for Summary Judgment demonstrates that Appellant has not paid the mortgage for approximately sixty (60) months as of this time. Appellant has made no effort to counter these affidavits and documents, and she has not provided any specificity as to what payments she did or did not make.

While we are unclear as to what Appellant is specifically arguing in paragraphs 4 (g) and 6 of her Statement of Matters, the record is clearly devoid of any pertinent evidence in support of Appellant's assertions of TILA and RESPA violations on the part of the Bank. Additionally, for the reasons stated above, the arguments raised in Ms. Applegate's counterclaim were legally impermissible in response to this mortgage foreclosure action. Accordingly, the counterclaim was properly stricken upon consideration of the Preliminary Objections filed by the Bank.

**4(h). It is not the Court's role in a mortgage foreclosure action to consider whether the Bank considered all possible alternatives to foreclosure.**

Appellant's assertion of error, claiming that the Bank failed to consider all possible alternatives to foreclosure, does not provide a defense to Appellant. In her response to the Bank's Summary Judgment Motion, which she captions as an "Affidavit," Ms. Applegate discusses how long she has lived in Bucks County, Pennsylvania, and she

13

notes that she is a co-owner of a local business, but she never addresses her default. She includes numerous paragraphs naming various people affiliated with the Bank with whom she has spoken, but fails to address her default. The focus of her "Affidavit" was an asserted lack of cooperation by the Bank. Most incredible is Appellant's assertion that she was never made aware of the Mortgage Foreclosure Diversion Program, and that such reference by the Bank is pure fabrication. In fact, Appellant asserts that it was not until the Bank's Motion for Summary Judgment was filed that she learned of the program.

The docket and Court file, however, clearly demonstrate that this matter was first directed to the Diversion Program by Order of May 13, 2011. The Court docket reflects notice was sent to Appellant, and that participation in the program was to occur with at least three (3) scheduled meetings (See footnote 3). The Bank's Motion for Summary Judgment asserts that at one (1) conciliation conference Appellant sought a loan modification, Ms. Applegate claiming that her income was far greater than the documentation corroborated. Appellant also requested an opportunity to pay-off the loan with the assistance of a relative living out of the country. In an effort to avoid a foreclosure action, the Bank agreed to consider such a "short sale" to Appellant's family member, contingent upon Ms. Applegate providing proper supporting documentation. Unfortunately, Ms. Applegate failed to submit any such documentation. The parties' involvement with the Diversion Program ended in May, 2012.

**5. Appellant is not entitled to extraordinary consideration by the Court in this litigation simply because she has chosen to proceed *pro se*.**

Appellant asserts that pursuant to Pa.R.C.P. 126, as a *pro se* litigant, her pleadings must be construed in a light most favorable to her, and that this Court erred in failing to afford her such leniency. Rule 126 reads as follows:

14

> "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Appellant is misguided in her attempt to have this Court apply this rule to the merits of the instant matter. A more accurate description of the Court's role in relation to *pro se* litigants has been articulated by the Superior Court as follows:

> "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing… "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof."

Branch Banking & Trust v. Gesiorski, 904 A.2d 939, 942-43 (Pa. Super. 2006)(internal citations omitted).

Here, Appellant's lack of legal expertise, while perhaps impacting some procedural issues discussed herein, has not impacted the legal principles which have guided our decisions as to the merits, or lack thereof, of the substantive issues presented.

15

## V.    CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court's Order of May 1, 2015, granting the Bank's Motion for Summary Judgment in Mortgage Foreclosure against Appellant, should be affirmed.

BY THE COURT:

8/19/15
Date

GARY B. GILMAN,                    J.

N.B.    It is your responsibility to notify all interested parties of the above action.

16