## PENNSYLVANIA STATE POLICE, Petitioner

v.

## John MULLER, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 2015.

Decided June 30, 2015.

Publication Ordered Sept. 17, 2015.

Nolan B. Meeks, Assistant Counsel, Harrisburg, for petitioner.

James C. Dalton, West Chester, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and P. KEVIN BROBSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Senior Judge JAMES GARDNER COLINS.

■ Pennsylvania State Police (PSP) petitions for review of a final determination of the Office of Open Records (OOR) granting John Muller's (Requester) request for records related to a telephone call to PSP on the grounds that PSP has not met its burden to demonstrate that the records sought were exempt from public disclosure under Section 708(b)(18)(i) of the Right to Know Law[1] (RTKL), which exempts "[r]ecords or parts of records, except time response logs, pertaining to audio recordings, telephone or radio transmissions received by emergency dispatch personnel, including 911 recordings." 65 P.S. § 67.708(b)(18)(i). For the following reasons, we affirm.[2]

On June 19, 2014, Requester filed a RTKL request with the PSP seeking "all records pertaining to a phone call about Northern Chester County Sportsman's Club meeting April 28th 5pm–10pm 2014." (OOR Record Item (R. Item) 1, RTKL Request, Reproduced Record (R.R.) at 1a.) On July 28, 2014, PSP denied the request. (R. Item 1, RTKL Denial, R.R. at 2a.) The letter denying the request states that "[p]er our June 23, 2014 telephone conversation, you indicated Paul Barr or Dean Barr would have made the requested phone call to Troop J, Embreeville Station." (*Id.*) The letter further states that "[b]ased on the information provided, your request is denied because the responsive record you seek is not accessible to the public," and that "the PSP incident Memo No. J03–1437031 is exempt from public

---

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

**2.** Our scope of review under the RTKL is plenary and our standard of review is *de novo,* we may substitute our own findings of fact for that of the agency or rely upon the record created below. *Bowling v. Office of Open Records,* 621 Pa. 133, 75 A.3d 453, 477 (2013).

disclosure under RTKL section [708(b)(18) ]." (*Id.*)

The denial was accompanied by a Verification[3] signed by Lissa M. Ferguson, PSP Deputy Agency Open Records Officer, which stated: (1) that she was familiar with the request; (2) that based on the request itself and a telephone conversation with Requester, she searched all PSP databases to which she had access and found one responsive record—PSP Incident Memo No. J03–1437031; and (3) that she determined the responsive record was exempt from public disclosure under RTKL section 708(b)(18)(i). (R. Item 1, Verification, R.R. at 4a.)

On August 11, 2015, Requester appealed the denial to OOR. (R. Item 1, RTKL Appeal from Denial, R.R. at 5a.) Requester stated in his appeal that he asked for the phone log of who called, when they called, the reason for the call, if troopers were dispatched, and any other incident reports pertaining to the call. (*Id.*) Requester argued in his appeal that the records were not exempt from public disclosure and that "[a]ll police calls are logged. There is not an ongoing investigation, therefore records and incident reports should be available." (*Id.*) PSP responded to the appeal by letter brief on August 25, 2014. (R. Item 3, PSP Letter Brief, R.R. at 10a–12a.) PSP argued that the responsive record was exempt from public disclosure because it was a record pertaining to a telephone call received by emergency dispatch personnel and requested that OOR hold a hearing if OOR was unable to affirm PSP's denial of the request based on the record currently before OOR. (*Id.*) PSP did not offer any evidence to supplement the record before OOR.

On September 15, 2014, OOR issued a final determination granting Requester's appeal and requiring PSP to provide the Incident Memo to Requester. (R. Item 4, OOR Determination.) OOR concluded that PSP had offered only conclusory statements in the form of the Verification signed by Ms. Ferguson and the letter brief to support its position that the Incident Memo was exempt from disclosure under the RTKL. (*Id.* at 4.) OOR held that these conclusory statements failed to satisfy PSP's burden of proof and; therefore, OOR was constrained to grant Requester access to the Incident Memo. (*Id.* at 4–5.). PSP timely petitioned this Court for review of OOR's final determination.

Before this Court, PSP argues: (i) that OOR erred as a matter of law in concluding that the Incident Memo was not exempt from public disclosure because the plain language of Section 708(b)(18)(i) of the RTKL exempts all records related to telephone transmissions received by emergency dispatch personnel; (ii) that OOR erred in concluding that PSP did not demonstrate that the Incident Memo is exempt from disclosure under the RTKL; and (iii) that if this Court determines that PSP failed to meet its burden of proof, as the ultimate finder of fact, this Court should expand the record to include an affidavit submitted by PSP Agency Open Records Officer William A. Rozier, in support of PSP's denial of the RTKL request.

■■■ As the Commonwealth agency in possession of a responsive record, the RTKL places the burden on PSP to show by a preponderance of evidence that the responsive record is exempt from public access. 65 P.S. § 67.708(b)(1). A preponderance of the evidence is such evidence as would lead a fact-finder to find that the

---

**3.** The Verification states: "I understand that false statements made in this verification are subject to penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities." (R. Item 1, Verification, R.R. at 4a.)

existence of a contested fact is more probable than the nonexistence of the contested fact. *Pennsylvania State Troopers Association v. Scolforo,* 18 A.3d 435, 438–439 (Pa.Cmwlth.2011). A Commonwealth agency may provide affidavits to detail the search it conducted for documents responsive to a RTKL request and the justification, if applicable, for any exemption from public disclosure relied upon for nondisclosure of responsive documents. *Office of the Governor v. Scolforo,* 65 A.3d 1095, 1103 (Pa.Cmwlth.2013). Relevant and credible testimonial affidavits may provide sufficient evidence in support of a claimed exemption. *Heavens v. Pennsylvania Department of Environmental Protection,* 65 A.3d 1069, 1074 (Pa.Cmwlth.2013). The affidavit must be detailed, nonconclusory, and submitted in good faith; an affidavit which merely tracks the language of the exception it presupposes is insufficient to demonstrate that the responsive records are exempt from disclosure. *Office of the Governor v. Scolforo,* 65 A.3d at 1103–1104.

■ Section 708(b)(18) of the RTKL provides an exemption from public disclosure for:

(18)(i) Records or parts of records, except time response logs, pertaining to audio recordings, telephone or radio transmissions received by emergency dispatch personnel, including 911 recordings.

(ii) This paragraph shall not apply to a 911 recording, or a transcript of a 911 recording, if the agency or a court determines that the public interest in disclosure outweighs the interest in nondisclosure.

65 P.S. § 67.708(b)(18). The plain language of the statute requires the rejection of PSP's first contention: the RTKL does not exempt all records relating to telephone transmissions received by emergen-

cy dispatch personnel. Instead, the text of the statute clearly requires "time response logs" to be disclosed without exception.

■ Next, we agree that the Verification is insufficient to carry PSP's burden. PSP concluded that Incident Memo No. J03–1437031 was responsive to Requester's RTKL request. PSP provided the Verification from Ms. Ferguson in support of its nondisclosure, but offered no other evidence to justify the application of the exemption. The Verification states that Ms. Ferguson had determined that the Incident Memo was exempt from disclosure under Section 708(b)(18)(i) of the RTKL. The Verification tracks the language of the exemption and offers no detail beyond the fact that a responsive record exists. PSP argues that this response is sufficient because of the specificity of Requester's RTKL request and the text of the exemption. We disagree.

First and foremost, beyond quoting the language of the statute, PSP has offered no evidence or factual assertions to show that the telephone call about which Requester seeks information was received by emergency dispatch personnel. Second, PSP has offered no explanation as to why, if the telephone call was received by emergency dispatch personnel, the entire record is exempt when the text of the statute clearly provides for the disclosure of "time response logs."

This Court examined the General Assembly's requirement that the public have access to time response logs in *County of York v. Pennsylvania Office of Open Records,* 13 A.3d 594 (Pa.Cmwlth.2011). We stated:

[T]he overall object to be obtained by the new RTKL is to expand public access to government documents and foster openness in government.... the RTKL "is remedial legislation designed

to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." [citation omitted]. The General Assembly's object in requiring access to "time response logs" was to allow the citizenry "to scrutinize the actions of public officials" by evaluating the efficiency of each county's emergency response to various 911 calls. In order to be able to conduct such an evaluation or, for that matter, emergency responders to monitor their own performance, time response logs must contain the time of the request for service, the address or cross-street information, and when the responder arrived at the scene. Without the address or cross-street information, there would be no way of knowing exactly how far the emergency responders had to travel in response to any given call and, therefore, no way of determining whether or not those response times were deficient. Necessarily then, the term "time response logs" as used in Section 708(b)(18) of the RTKL does not exempt destination addresses or cross-street information.

*County of York*, 13 A.3d at 602. PSP has offered no justification for withholding the time of the request for service, the address or cross-street information, and when or if a Trooper responded to the call and arrived at the scene. PSP has not carried its burden to show that it is more likely than not that the Incident Memo is exempt.

■ Finally, we address PSP's request to supplement the record before this Court. An agency is not entitled to ignore its burden to show an exemption from disclosure before OOR and rely on supplementation of the record in this Court to avoid the consequences of that conduct.

*See Pennsylvania Turnpike Commission v. Murphy*, 25 A.3d 1294, 1297–98 (Pa. Cmwlth.2011) (denying supplementation of record on appeal as an attempt to obtain "a proverbial second bite of the apple" where there was *no apparent reason for* the failure to submit the additional affidavits to OOR). This is just what PSP has done here. This is not a matter of first impression or one dominated by conflicting opinions issued below. Nor is this an instance where PSP has articulated any security related, public safety, or like considerations that favor supplementation. *See Carey v. Pennsylvania Department of Corrections*, 61 A.3d 367, 377–378 (Pa. Cmwlth.2013). In addition, there has been no suggestion that the affidavit submitted by Mr. Rozier with which PSP seeks to supplement the record contains facts or information that was not readily available to PSP when it had the opportunity create an evidentiary record before OOR.

PSP responded to Requester's RTKL request with bare, conclusory statements. This Court has held that such responses are insufficient under the RTKL. PSP failed to supplement the record before OOR. Absent a showing of necessity particular to the circumstances presented, we are wary of permitting supplementation lest we incentivize an obfuscatory practice in proceedings below that is contrary to the clear intent of the RTKL. Therefore, we will not permit PSP to supplement the record with the affidavit submitted by Mr. Rozier.

Accordingly, PSP's application to supplement the record is denied and the final determination of OOR is affirmed.

Judge BROBSON concurs in the result only.

### ORDER

AND NOW, this 30th day of June, 2015, the Application of Petitioner Pennsylvania

State Police to Supplement the Record is DENIED and the final determination of the Office of Open Records in the above-captioned matter is hereby, AFFIRMED.

