CONCURRING AND DISSENTING OPINION BY
JUDGE McCULLOUGH
The thoughtful and well-written majority recognizes, as did the Office of Open Records (OOR), that the affidavit and privilege log submitted by California. University of Pennsylvania (University) are insufficient to show that the withheld documents satisfy the .noncriminal investigation and predecisional deliberations exemptions from disclosure, and, also, fail to establish that they are protected under the attorney-client privilege. Nonetheless, the majority remands to the OOR to conduct in camera review- of Document Nos. 56-58, 119, 120-123, and 128. With the exception *424 of Document No. 128, (describing an email as “legal advice”) the privilege log is devoid of any item which even remotely relates to the attorney-client privilege, and as such, I would limit the remand and in camera review to only this particular log entry. Otherwise, based on this record, and with respect to the remainder of the documents and/or correspondence pertaining to communication with “consultants,” the remand effectively grants the University an unwarranted “second bite at the apple.” Pennsylvania Turnpike Commission v. Murphy, 25 A.3d 1294, 1298 (Pa. Cmwlth. 2011); accord Pennsylvania State Police v. Muller, 124 A.3d 761, 764-65 (Pa. Cmwlth. 2015).
As aptly noted by Bill Schackner and the Pittsburgh Post-Gazette (Requesters), neither the privilege log nor the affidavit details any occupation or position of the persons listed on the log, leaving the Court to surmise whether the individuals are employees, contractors, architects, or some other type of “consultant.” Specifically, the privilege log asserts as to Document Nos. 56, 57, and 58 that they were shared “among University legal counsel and consultants!;.]” (Privilege Log at 1.) However, this assertion, alone, is self-defeating and removes it unequivocally from protection under the attorney-client privilege because it clearly constitutes a communication with a third-party or “stranger.” See Joe v. Prison Health Services, Inc., 782 A.2d 24, 31 (Pa. Cmwlth. 2001) (“[0]nce the attorney-client communications have been disclosed to a third party, the privilege is deemed waived.”). Similarly, Document No. 119 merely describes the content of an email as “circulating the initial draft of the letter of engagement with WJE,” an engineering firm, and Documents Nos. 120-123 simply state that they evidence “communication with University legal regarding securing contract with consultant.” (Privilege Log at 1-2.) Neither of these assertions provide a basis upon which to conclude that the attorney-client privilege is applicable.
Although Document No. 128 contains only the words “legal advice,” which is clearly conclusory under the standard in Office of the Governor v. Scolforo, 65 A.3d 1095, 1104 (Pa. Cmwlth. 2013) (en banc) (“Because this Affidavit is not detailed, but rather conclusory, it is not sufficient, standing alone, to prove that the ... entries are exempt from disclosure.”), I would allow a limited remand on this item in light of the common law concerns raised by the majority. In all other respects, I would respectfully affirm the OOR’s decision.