IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben M. Collazo,                         :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Pennsylvania Gaming Control Board,        :    No. 244 C.D. 2018
                    Respondent            :    Submitted: September 14, 2018


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED:  December 28, 2018


          Ruben M. Collazo (Collazo) petitions, *pro se*, for review of the January

24, 2018 final determination issued by the Office of Open Records (OOR) pursuant

to the Right-to-Know Law (RTKL),[1] affirming the decision of the Pennsylvania

Gaming Control Board (Board) to deny Collazo's request for records.  The OOR

upheld the Board's decision to deny Collazo's request because the records sought

do not exist within the Board's possession, custody and control.  Upon review,[2] we

affirm.

          On November 1, 2017, the Board received a RTKL request from

Collazo seeking "documents and policy [sic] of the [Board] . . . and the scope of [its]

operations in exercising complete control [of] casinos and gaming."  Reproduced

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] When hearing appeals from final determinations issued by the OOR, our standard of
review is *de novo* and our scope of review is plenary.  *Bowling v. Office of Open Records*, 75 A.3d
453, 477 (Pa. 2013).  When appropriate, this Court may adopt the findings and legal conclusions
set forth in a final determination issued by the OOR.  *Id*. at 474.

Record (R.R.) at 9a. The request also included 3 pages of 16 "[q]uestions involved." *Id*. at 10a-12a. After taking a 30-day extension to respond, on December 8, 2017, the Board notified Collazo that his request was "[d]enied." *Id*. at 13a. The Board explained:

> There are no documents or policies of the [Board] that exercise "complete control" over gaming in the Commonwealth of Pennsylvania. On the contrary, the [Board] is a regulatory agency monitoring and regulating casino gaming, which is legal in Pennsylvania and conducted by private and publicly traded companies, so as to assure those companies comply with the law.

*Id*.

Collazo appealed the Board's decision to the OOR and, in his appeal, asserted, in part, that the records he requested "are in the possession, custody or control of the agency." *Id*. at 15a. Collazo further objected to the denial, explaining that he seeks "those policy documents which will clarify and address the convoluted relationship that exists . . . between state actors and privately owned and publicly traded companies." *Id*. at 17a. Upon receipt of Collazo's appeal, the OOR invited the parties to supplement the record and to submit legal argument to support their positions, and it directed the Board to notify any third parties of their ability to participate in the appeal. *Id*. at 18a-19a. In response to the OOR's request, the Board submitted its legal argument with an affidavit executed by the Board's Deputy Chief Counsel, Stephen Cook, *id*. at 28a-33a, and Collazo submitted his argument. *Id*. at 34a-37a.

In its final determination, the OOR first dismissed part of Collazo's appeal because Collazo attempted to modify the record request before the OOR by seeking "policy documents which will clarify and address the convoluted

relationship that exists . . . between state actors and privately owned and publicly traded companies" when his initial request to the Board sought documents and policies of the Board regarding "the scope of [its] operations in exercising complete control [over] casinos and gaming." *Id.* at 5a-6a. This Court agrees that Collazo attempted to modify his record request before the OOR by changing the records requested, and the OOR did not err in refusing to address the altered request.[3] When seeking public records, Section 703 of the RTKL, 65 P.S. § 67.703, provides that a requester must file a "written request [which] should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." At that point, the request is fixed and the requester cannot change the nature of his request. *Dep't of Corr. v. Disability Rights Network of Pa.*, 35 A.3d 830, 833 (Pa. Cmwlth. 2012).

Second, the OOR dismissed part of Collazo's request because he listed 16 questions and the OOR is without authority to refashion the questions into a request for records. R.R. at 6a-7a. The OOR, in its final determination, properly concluded that a list of questions is not a record request and cannot be refashioned as such when it dismissed this part of Collazo's request. *See Pa. Tpk. Comm'n v. Murphy*, 25 A.3d 1294 (Pa. Cmwlth. 2011) (affirming OOR denial of appeal including that questions do not trigger a response under the RTKL); *Pa. State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa. Cmwlth. 2010) (explaining that the General Assembly did not, in the RTKL, empower the OOR to refashion the

---

[3] Likewise, to the extent Collazo attempts to do the same here, *see infra* note 5, this Court will not address Collazo's attempt when this Court's function is to review the OOR's final determination.

record request); *see also Gingrich v. Pa. Game Comm'n* (Pa. Cmwlth. No. 1254 C.D. 2011, filed January 12, 2012) slip op. at 6.[4]

Third, the OOR denied Collazo's request for "documents or policies of the [Board]" that "exercise complete control over gaming" in Pennsylvania because the Board demonstrated, through the averments in the affidavit, that "it does not possess records responsive to the request." R.R. at 8a. Before this Court, Collazo asserts that the OOR erred when it "summarily denied" his request for "policy documents assuring the integrity of gaming in the Commonwealth." Petition for Review ¶ 3.[5] The Board counters that Collazo has failed to address the reasons that

---

[4] An unreported opinion of this Court may be cited for its persuasive value pursuant to Commonwealth Court Internal Operating Procedures § 414(a), 210 Pa. Code § 69.414(a).

[5] Collazo provides the following statement of questions for our consideration:

> A. Whether [the Board] as a state actor and the sole regulatory agent of the gaming industry in the Commonwealth of Pennsylvania pretextually denied [Collazo's] request for applicable statutes or policy documents which permits [the Board] as a state actors [sic] and functioning under color of law, sovereign immunity and Eleventh Amendment protection to extend those protections to privately owned and publicly traded corporations at the mere issuance of a license . . . .
>
> B. Whether policy documents related to employees or appointed officials of the Commonwealth engaged in business transactions and private arrangements with for profit corporations accruing from their official position of authority which are permitted and are not in violation of Subchapter K. Code of Conduct for Appointed Officials and State Employees 7.151 were summarily denied by the [Board] and OOR . . . .
>
> C. Whether [the Board] as the sole regulatory agent over the privately owned gaming industry, pretextually denied [Collazo's] request for applicable statutes or policy documents establishing that its presence acting under color of law,

4

the OOR denied his request for relief in its final determination and, therefore, has waived review of those issues by this Court. Board's Brief at 9. The Board further explains that because Collazo has failed to raise any of the OOR's reasons for denying his request, this appeal is improper and this matter should be dismissed. *Id*. Though the Board is correct that Collazo has not specifically identified any part of the OOR's final determination to which he objects before this Court, here we can engage in an adequate review of the denial based on the only reason stated for the denial, which is that the records requested do not exist.

Collazo appears to argue that the Board and the OOR erred when they denied him access to the records he requested, *i.e.*, documents or policies of the Board that "exercise complete control" over gaming in Pennsylvania. R.R. at 9a. The Board responded that "[t]here are no documents or policies of the [Board] that exercise 'complete control' over gaming in the Commonwealth of Pennsylvania." R.R. at 13a. In support, the Board provided an affidavit "subject to penalties of 18 Pa. C.S. § 4904" explaining:

> The Pennsylvania Gaming Control Board operates primarily under the provisions of the Pennsylvania Race [H]orse Development and Gaming Act[6] . . . [which] gives the Board regulatory authority over the authorization, operation and play of slot machines and table games. *The Board does not hold an ownership interest in any of its licensed facilities. In fact, the Board and its staff are prohibited from having a financial interest in gaming companies it regulates. . . .*

---

sovereign and Eleventh Amendment immunity, while operating on privately owned properties, constitutes non-state action.

Collazo's Brief at 3.

[6] 4 Pa. C.S. §§ 1101-1904.

There are no provisions in the Gaming Act or the Board's regulations that permit the Board to insert itself into a casino'[s] management of its business, so long as the casino complies with requirements under the Gaming Act and the Board's regulations set in place to ensure the integrity of gaming in the Commonwealth.

The Board maintains numerous policies and regulations, many of which can be found on the Board's website. . . .None of these policies and regulations give the Board complete control of Pennsylvania Casinos. Rather, these policies pertain to technical submissions, integrity requirements, approved table and slot machine play, surveillance video requirements, and the like.

R.R. at 32a-33a (emphasis added). Based on these averments, the Board has asserted that the records Collazo seeks, documents and policies showing complete control over gaming in Pennsylvania, do not exist.

The burden of proving that a document does not exist is on the agency responding to the request. *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2001) (noting that an agency is not required to create a record if the requested record does not exist); *see Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (explaining that the standard is whether the requested record is in existence and in the possession of the Commonwealth agency at the time of the request). To sustain its burden of proof, an agency may provide a sworn affidavit or statement made under the penalty of perjury as competent evidence to show that a record does not exist. *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore*, 992 A.2d at 909 (stating that an agency may submit an affidavit to satisfy its burden of proof).

Here, the Board met its burden of showing that it does not have records responsive to Collazo's request. The affidavit provided that by law, the Board and

6

its staff cannot have a financial interest in the gaming companies it regulates; the Board does not have the authority to insert itself into a "casino['s] management of its business"; and none of the Board's policies and regulations give it "complete control of Pennsylvania casinos." R.R. at 32a-33a. There is no evidence to suggest that the Board acted in bad faith or that the responsive policies or other records do exist. *See McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (indicating that where no evidence has been presented to show that the agency acted in bad faith, the averments in the agency's affidavit should be accepted as true). Therefore, the OOR did not err when it accepted the averments in the affidavit as true and concluded that the Board met its burden of showing that it does not possess records responsive to the request because no such records exist.

Accordingly, we affirm.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben M. Collazo, : 
        Petitioner : 
         : 
        v. : 
         : 
Pennsylvania Gaming Control Board, :   No. 244 C.D. 2018
        Respondent : 

PER CURIAM

### O R D E R

AND NOW, this 28th day of December, 2018, the January 24, 2018 final determination of the Office of Open Records is AFFIRMED.