Richard Boyle, : 
          Petitioner : 
           : 
          v. : 
           : 
Department of Corrections (Office : 
of Open Records), :   No. 587 C.D. 2023
          Respondent :   Submitted: August 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: October 23, 2025


Richard Boyle (Boyle), pro se, petitions this Court for review of the Office of Open Records' (OOR) May 19, 2023 Final Determination denying his appeal from the Department of Corrections' (DOC) denial of his Right-to-Know Law (RTKL)[1] request (Request). Boyle presents one issue for this Court's review: whether substantial record evidence supports the OOR's conclusion that the requested records were exempt from disclosure under the Criminal History Record Information Act (CHRIA).[2] After review, this Court reverses.

Boyle is an inmate at the State Correctional Institution (SCI) at Phoenix. On January 18, 2023, Boyle filed the Request in DOC's Allentown District Parole Office, seeking "any and all email communication between Pennsylvania Parole Agent Deanna Welch [(Welch)] [dwelch@pa.gov and any other email

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.
[2] 18 Pa.C.S. §§ 9101-9183.

addresses] and Jeffrey McGee [(McGee)] [jeffrey.mcgee@ic.fbi.gov and any other email addresses] between January 1, 2016 and January 1, 2018[.]" Reproduced Record (R.R.) at 4.[3] On January 24, 2023, DOC staff acknowledged receipt of the Request and directed Boyle to send it to the open records officer in the Governor's Office of Administration (OA). On January 25, 2023, Boyle sent the Request to the OA. By February 1, 2023 letter, the OA responded that it did not possess records responsive to the Request because Welch is not an OA employee, but that it would forward the Request to DOC, which may have responsive records. *See* R.R. at 12-15. On February 14, 2023, Boyle appealed from the OA's response to the OOR, asserting that the OA lacked grounds to deny the Request when the emails are public records created by public employees on public devices. The OOR invited the parties to supplement the record and directed the OA to notify third parties of their ability to participate in the appeal. On March 6, 2023, the OA submitted the attestation of Wha Lee Strohecker, who declared that neither Welch nor McGee are OA employees, and that he forwarded the Request to DOC. That same day, Boyle asserted that the Request sought public records, and that he originally submitted the Request to DOC, but it was transferred to the OA. On March 9, 2023, the OOR issued a final determination denying Boyle's appeal because the OA demonstrated that it made a good faith search and the necessary inquiries to relevant employees and third parties and credibly determined that the Request concerns individuals not employed by the OA. *See* R.R. at 19-23.

---

[3] Pennsylvania Rule of Appellate Procedure 2173 specifies: "[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc." Pa.R.A.P. 2173. Boyle's Reproduced Record pages are not numbered nor followed by a small a. Thus, the page numbers herein reflect electronic pagination.

On March 17, 2023, Boyle sent the Request, in a slightly modified form,[4] to DOC's open records officer, who received it on March 27, 2023. *See* R.R. at 25-26, 28. By March 28, 2023 letter, DOC invoked a 30-day extension to respond to the Request pursuant to Section 902 of the RTKL. *See* 65 P.S. § 67.902. By letter dated April 18, 2023, DOC denied the Request, declaring that responsive records are exempt from disclosure under Section 708(b)(1)(ii) of the RTKL (relating to personal security), (2) (relating to public safety), (10)(i)(A) (relating to internal, predecisional agency deliberations), (16) (relating to criminal investigations), and (17) (relating to noncriminal investigations), 65 P.S. §§ 67.708(b)(1)(ii), (2), (10)(i)(A), (16)-(17); Sections 102 and 506(c) of the RTKL, 65 P.S. §§ 67.102, 67.506(c) (relating to records covered by the deliberative process privilege); Section 305 of the RTKL, 65 P.S. § 67.305 (relating to records protected from public disclosure by state regulation); and Section 61.2 of the Pennsylvania Parole Board's (Parole Board) Regulations, 37 Pa. Code § 61.2 (making confidential those records in the Parole Board's possession pertaining to probationers/parolees). *See* R.R. at 30-31.

On April 28, 2023, Boyle appealed from DOC's denial to the OOR,[5] arguing that there is no evidence that the records are confidential and/or privileged and, in any event, DOC can redact such information from the requested emails; neither Welch nor McGee are Parole Board employees subject to the Parole Board's Regulations; and DOC may not deny the Request based on the intended use of the public record. *See* R.R. at 33-34.

By letter issued May 3, 2023, the OOR invited both parties to supplement the record and directed DOC to notify any third parties of their ability

---

[4] The Request then sought "[a]ny and all e[]mail communications between . . . Welch [dwelch@pa.gov] and Plymouth Township Police detective [] McGee [jeffrey.mcgee@ic.fbi.gov]. To include any other e[]mail addresses. Date range: January 1, 2016 to January 1, 2018[.]"

[5] The OOR received the appeal on May 3, 2023.

3

to participate in this appeal. *See* Certified Record, OOR Ex. 2. On May 15, 2023, DOC submitted its position statement to the OOR, supported by the attestation of DOC open records officer Andrew Filkosky (Filkosky), in which he represented that six emails responsive to the Request were exempt from disclosure under CHRIA and Parole Board Regulation 61.2.[6] On May 19, 2023, relying on Filkosky's attestation, the OOR upheld DOC's denial on the basis that the requested emails were exempt under CHRIA.[7] *See* R.R. at 42-47. On June 5, 2023, Boyle appealed to this Court.[8]

---

[6] Among Boyle's challenges is that DOC did not raise CHRIA as one of its grounds for initially denying the Request. However, DOC was permitted to raise CHRIA as grounds for denial on appeal to the OOR. *See Levy v. Senate of Pa.*, 94 A.3d 436 (Pa. Cmwlth. 2014).

[7] The OOR did not address the applicability of Section 61.2 of the Parole Board's Regulations.

[8] In its May 3, 2023 letter, the OOR declared: "Any information provided to the OOR must be provided to all parties involved in this appeal. Information that is not shared with all parties will not be considered." OOR Ex. 2 at 3. On May 25, 2023, Boyle filed a request for reconsideration in the OOR, in which he declared that he did not receive a copy of DOC's May 15, 2023 position statement on which the OOR relied in reaching its decision and, since the OOR can consider only evidence shared with *all* parties, DOC failed to meet its burden of proving that the responsive records were exempt from disclosure. *See* R.R. at 49-50, 52-53. The OOR's chief counsel denied Boyle's reconsideration request on June 7, 2023, stating:

> [T]he evidence submitted by [DOC] constitutes sufficient evidence under the RTKL, and we are to "presume that Commonwealth agencies will act in good faith in discharging their statutory duties under the RTKL." *Commonwealth v. Donahue*, 98 A.3d 1223, 1239 (Pa. 2014) (citations omitted). [Boyle] has not submitted anything that makes the undersigned doubt the credibility or veracity of that evidence. As such, I cannot conclude that the [OOR's] [a]ppeals [o]fficer committed any error in the Final Determination that would warrant reconsideration by relying upon [DOC's] evidence. While [Boyle] disagrees with the Final Determination's outcome, [his] statutory remedy is to appeal the Final Determination to the Commonwealth Court, pursuant to [Section 1301(a) of the RTKL,] 65 P.S. § 67.1301(a).

R.R. at 55. This Court observes that DOC's May 15, 2023 position statement reflects at the bottom: "Smart Communications/PADOC, [] Boyle, HR8086, SCI-Phoenix (via regular mail)[.]" R.R. at 40. Therefore, it appears DOC sent its position statement to Boyle.

The RTKL mandates:

[A] "Commonwealth agency [(i.e., DOC)] shall provide public records in accordance with [the RTKL]." [Section 301(a) of the RTKL,] 65 P.S. § 67.301[(a)]. A record "in the possession of [a] Commonwealth agency . . . shall be presumed to be a public record" unless it is exempt under Section 708 [of the RTKL], privileged, or exempt from disclosure under other federal or state law or judicial order. [Sections 305(a) and 701 of the RTKL, 65 P.S.] §§ 67.305(a), 67.701. At the initial request stage, an agency is required to assess the public status of requested records, and, if applicable, specify reasons for denying access with "citation of supporting legal authority." [Section 903 of the RTKL, 65 P.S.] § 67.903.

*McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 400 (Pa. 2021). Therefore,

[u]pon receipt of a request, an open records officer "must make a good faith effort to determine whether: (1) the record is a public record; and[] (2) the record is in the possession, custody, or control of the agency." *Breslin v. Dickinson Twp.*, 68 A.3d 49, 54 (Pa. Cmwlth. 2013) (citing *Barkeyville Borough [v. Stearns]*, 35 A.3d [91,] 96 [(Pa. Cmwlth. 2012)]). Section 901 [of the RTKL, 65 P.S. § 67.901,] also includes the duty to perform a reasonable search for records in good faith. *Dep't of Lab[.] & Indus. v. Earley*, 126 A.3d 355 (Pa. Cmwlth. 2015).

*Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161, 1171 (Pa. Cmwlth. 2018) (*Uniontown Newspapers I*), *aff'd*, 243 A.3d 19 (Pa. 2020).

Moreover,

[i]f "the requested information is exempt under Section 708(b) [of the RTKL], the information is not a 'public record' and is exempt from disclosure in its entirety." *Dep't of Lab[.] & Indus. v. Simpson*, 151 A.3d 678, 684

---

On August 17, 2023, Boyle filed a Petition for Order Directing Production of Records for *In Camera* Review by the Court (*In Camera* Review Petition) which, on September 19, 2023, this Court ordered would be decided with the merits of this appeal.

This Court's "standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Bergere v. Pa. Dep't of Cmty. & Econ. Dev.*, 331 A.3d 719, 724 n.4 (Pa. Cmwlth. 2025).

> (Pa. Cmwlth. 2016). Accordingly, exemptions must be narrowly construed, and the agency claiming the exemption bears the burden of proof by a preponderance of the evidence.[9] *See* 65 P.S. § 67.708(a); *see also* [*Off. of Dist. Att'y of Phila. v.*] *Bagwell*[, 155 A.3d 1119 (Pa. Cmwlth. 2017)]; *Pa. Off*[.] *of Inspector Gen. v. Brown*, 152 A.3d 369 (Pa. Cmwlth. 2016); *Simpson*.

*Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 180 (Pa. Cmwlth. 2019) (footnote omitted).

> To meet its burden of proving that a record need not be disclosed under the RTKL, the agency may establish facts with affidavits or attestations.[10] Additionally, a privilege log listing "the date, record type, author, recipients, and a description of the withheld record[ ] can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit."

*Bergere v. Pa. Dep't of Cmty. & Econ. Dev.*, 331 A.3d 719, 726 (Pa. Cmwlth. 2025) (citation and footnote omitted) (quoting *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014)). In addition, "[w]here a record falls within an exemption under Section 708(b) [of the RTKL], it is not a public record as defined by the RTKL and an agency is not required to redact the record." *Castillo v. Pa. State Police*, 310 A.3d 831, 836 (Pa. Cmwlth. 2024) (quoting *Pa. State Police v. Off. of Open Recs.*, 5 A.3d 473, 481 (Pa. Cmwlth. 2010)).

---

[9] "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Del. Cnty. v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012).

[10] "Relevant and credible testimonial affidavits may provide sufficient evidence in support of a claimed exemption. *Heavens v. P*[*a.*] *Dep*[*'t*] *of Env*[*'t*] *Prot*[.], 65 A.3d 1069, 1074 (Pa. Cmwlth. 2013). The affidavit must be detailed, nonconclusory, and submitted in good faith[.]" *Pa. State Police v. Muller*, 124 A.3d 761, 765 (Pa. Cmwlth. 2015); *see also Couloumbis v. Senate of Pa.*, 300 A.3d 1093 (Pa. Cmwlth. 2023) (an agency may use credible attestations to meet its burden of proving a record is exempt from disclosure); *Glob. Tel\*Link Corp. v. Wright*, 147 A.3d 978, 980 (Pa. Cmwlth. 2016) (quoting *W. Chester Univ. of Pa. v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015) ("An agency may meet its burden through an unsworn attestation . . . .")).

Boyle argues that substantial record evidence did not support the OOR's conclusion that the requested emails constitute investigative information exempt from disclosure under CHRIA.[11] He specifically contends that Filkosky's last-minute attestation deprived him of access to the responsive emails in bad faith. Boyle adds that DOC could redact the purportedly exempt portions of the responsive emails because the date, sender, and recipient of the six responsive emails are not exempt under CHRIA or the RTKL.[12] He requests that this Court direct DOC to produce the six emails for this Court's *in camera* inspection.

DOC invoked an exemption under CHRIA. Indeed, records that CHRIA prohibits from disclosure are not public records that may be produced under the RTKL. *See Suber-Aponte*; *see also Barros v. Martin*, 92 A.3d 1243 (Pa. Cmwlth. 2014). Specifically, Section 9121(b) of CHRIA authorizes criminal justice agencies[13] to "disseminate *criminal history record information* to any individual or noncriminal justice agency [] as they deem necessary to carry out their law enforcement functions" as CHRIA otherwise allows. 18 Pa.C.S. § 9121(b) (emphasis added). *Criminal history record information* is defined in Section 9102 of CHRIA, in pertinent part, as "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates[,] and notations of arrests, indictments, informations[,] or other formal criminal charges and any dispositions arising

---

[11] Boyle does not challenge the OOR's conclusion on any other basis.

[12] Boyle also claims that DOC's intentional diversion of his initial, January 18, 2023 request to the OA was a dilatory tactic calculated to impede, delay, and obfuscate, and, thus, was the very definition of bad faith under the RTKL. *See* Boyle Br. at 17-19. However, he proffers no record basis to support his conclusion, and it appears to this Court that was nothing more than a harmless error.

[13] Section 9102 of CHRIA defines *criminal justice agency* to include "organized [s]tate and municipal police departments," "parole boards," and "[s]tate correctional facilities[.]" 18 Pa.C.S. § 9102. Therefore, DOC, the Parole Board, and the Plymouth Township police department are criminal justice agencies.

therefrom." 18 Pa.C.S. § 9102 (emphasis added). It "arises from the initiation of a criminal proceeding, i.e., an arrest[.]" *Dep't of Auditor Gen. v. Pa. State Police*, 844 A.2d 78, 82 (Pa. Cmwlth. 2004).

Importantly, *criminal history record information* "does not include . . . investigative information[.]" 18 Pa.C.S. § 9102; *see also* Section 9105 of CHRIA, 18 Pa.C.S. § 9105 ("Nothing in [CHRIA] shall be construed to apply to . . . investigative information[.]"). Section 9102 of CHRIA defines *investigative information* as "**[i]nformation assembled**[14] **as a result of** the performance of **any inquiry**, formal or **informal**, **into a criminal incident or an allegation of criminal wrongdoing** . . . ." 18 Pa.C.S. § 9102 (emphasis added); *see also Dep't of Auditor Gen.*, 844 A.2d at 82 (It is "composed of information assembled as a result of the performance of an inquiry into a crime that is still under investigation.").

Section 9106(c)(4) of CHRIA declares:

> **Investigative** . . . **information shall not be disseminated to any** department, agency[,] or **individual unless the** department, agency[,] or **individual** requesting the information **is a criminal justice agency which requests** the information **in connection with its duties**, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print[,] or other identifying characteristic.

18 Pa.C.S. § 9106(c)(4) (emphasis added). Because Boyle is not a criminal justice agency, DOC cannot disseminate *investigative information* to him. *See Mezzacappa v. Northampton Cnty.*, 334 A.3d 268 (Pa. 2025). Thus, whether CHRIA barred production of the emails to Boyle in this case depended upon whether they constituted *investigative information*.

---

[14] This Court has held that the term "'assembled[]' [] means to 'bring or gather together into a group or whole.' *P[a.] State Police v. Kim*, 150 A.3d 155, 160 (Pa. Cmwlth. 2016) (citing Am. Heritage Dictionary 134 (2nd Coll. ed. 1985))." *California Borough v. Rothey*, 185 A.3d 456, 467 (Pa. Cmwlth. 2018).

DOC proffered Filkosky's attestation to support that the responsive emails constituted *investigative information* it cannot disseminate to Boyle. Although credible attestations "may provide sufficient evidence in support of a claimed exemption[,]" those "which merely track[] the language of the exception it presupposes [are] insufficient to demonstrate that the responsive records are exempt from disclosure." *Pa. State Police v. Muller*, 124 A.3d 761, 765 (Pa. Cmwlth. 2015).

In his attestation, Filkosky represented:

> 5. In response to [] Boyle's [] Request, this office conducted a good faith search to locate any and all responsive e[]mails directly from . . . Welch, who is a [DOC] employee, which yielded six (6) responsive e[]mail communications during the specified timeframe.
>
> 6. I have personally reviewed the six (6) responsive e[]mails at issue, and can state [] that they all constitute **professional inquiries** and the sharing of information and related coordination back and forth between [Welch] and [McGee] *in connection with a probationer/parolee's recent arrest/indictment for a new criminal incident*.

R.R. at 40 (bold and italic emphasis added). Notably, Boyle does not challenge the veracity of Filkosky's attestation, nor asserts that DOC produced it in bad faith.[15]

---

[15] Rather, Boyle asserts that the *OOR* manipulated Filkosky's attestation to conclude that "[DOC] established that the emails at issue are investigative information because they consisted of information exchanged and gathered based on inquiries between a parole officer and a detective/law enforcement officer concerning the recent arrest/indictment or allegation of criminal wrongdoing by a probationer/parolee[,]" Final Determination at 4, when the attestation itself did not contain the terms *investigative information*, *gathered*, or *criminal wrongdoing*. *See* Boyle Br. at 12-14.

Notwithstanding the *OOR's* conclusions, this Court's review is *de novo*. *See Bergere*. "*De novo* review contemplates an independent evaluation of the evidence, which has already been presented. In essence, '*de novo* review' means that the reviewing court will reappraise the evidence in the record." *770 Ameribeer, Inc. v. Pa. Liquor Control Bd.*, 318 A.3d 998, 1009-10 (Pa. Cmwlth. 2024) (quoting *Two Sophia's, Inc. v. Pa. Liquor Control Bd.*, 799 A.2d 917, 922 (Pa. Cmwlth. 2002)). Accordingly, this Court may review the evidence anew, without deference to the OOR's conclusion, as if no prior decision was made.

Where that is the case, this Court has declared that "[a]bsent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned." *McGowan*, 103 A.3d at 381 (quoting *Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013)).

Nevertheless, this Court observes that Filkosky's declaration that the six responsive emails in DOC's possession are exempt because they consist of *professional inquiries into a probationer/parolee's recent arrest/indictment based on new criminal charges* is unnecessarily general. Section 9102 of CHRIA defines *investigative information* as "[i]**nformation assembled as a result of** the performance of **any inquiry**, formal or **informal**, **into a criminal incident or an allegation of criminal wrongdoing** . . . ." 18 Pa.C.S. § 9102 (emphasis added). Here, Filkosky's attestation mirrors the statutory language, and contains no details or facts revealing that the information is *investigative information* exempt from disclosure under Section 9106(c)(4) of CHRIA. In particular, Filkosky's description does not reflect that the emails related to "a crime that is still under investigation." *Dep't of Auditor Gen.*, 844 A.2d at 82. In addition, this Court has recognized that "records connected to a criminal proceeding are 'not automatically exempt' as investigative records." *Kyziridis v. Off. of Northampton Cnty. Dist. Att'y*, 308 A.3d 908, 914 (Pa. Cmwlth. 2024) (emphasis omitted) (quoting *Suber-Aponte*, 202 A.3d at 185). According to Filkosky's representation, Welch's and McGee's responsive emails merely "shar[ed] . . . information . . . in connection with" someone's "recent arrest/indictment for a new criminal incident." R.R. at 40. That description appears to refer to criminal history record information that *is* subject to disclosure. *See* 18 Pa.C.S. § 9102 (definition of *criminal history record information*). Under such circumstances, Filkosky's attestation is insufficient. Accordingly, this Court concludes that DOC failed to prove by a preponderance of the evidence that the subject emails were exempt from disclosure under CHRIA.

Based on the foregoing, this Court reverses the OOR's Final Determination and directs DOC to produce the emails responsive to Boyle's Request.[16]

_____
ANNE E. COVEY, Judge

---

[16] In light of this Court's disposition, Boyle's *In Camera* Review Petition is denied as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Boyle,                                :
                 Petitioner        :
                             :
        v.                                 :
                             :
Department of Corrections (Office        :
of Open Records),                            :   No. 587 C.D. 2023
                 Respondent        :

## O R D E R

AND NOW, this 23rd day of October, 2025, the Office of Open Records' May 19, 2023 Final Determination is REVERSED. The Department of Corrections shall provide the responsive records to Richard Boyle (Boyle) within 30 days of the date of this Order.

Boyle's Petition for Order Directing Production of Records for *In Camera* Review by the Court is DENIED as moot.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Boyle,                                    :
                          Petitioner              :
                                                  :
              v.                                  :
                                                  :
Department of Corrections (Office                 :
of Open Records),                                 : No. 587 C.D. 2023
                          Respondent              : Submitted: August 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE WALLACE                                  FILED:  October 23, 2025


        I agree with the result reached in the well-reasoned Majority opinion but write
separately to point out to Boyle that, while he properly set forth the scope and
standard of review in his brief, his Statement of Question Involved mistakenly asks
whether the Office of Open Records' (OOR) findings are "supported by substantial
evidence."   Boyle's Br. at 2, 4.   This Court often reviews to discern whether
substantial evidence supports findings of fact in appeals from Commonwealth and
local agency adjudications.  *See* Section 704 of the Administrative Agency Law,
2 Pa.C.S. § 704, and Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b).
However, when reviewing the OOR's final determination with respect to public
records of a state-level agency, this Court serves as the ultimate fact-finder and owes

the OOR no deference. *Am. C.L. Union of Pa. v. Pa. State Police*, 232 A.3d 654, 662-63 (Pa. 2020).

Boyle has taken great care in writing a well-crafted brief, and I write to aid him in understanding the Court's analysis. Because the Majority twice references Boyle's position that substantial evidence is lacking, I am concerned the Court may appear to Boyle to blur the lines of its standard of review. Put simply, we are not reviewing the OOR's final determination to discern whether substantial evidence supports the findings of fact necessary to its decision, contrary to Boyle's question on appeal. The Majority declines to expressly reframe the issue. Nonetheless, the Majority reaches the right conclusion, i.e., that the Department of Corrections failed to establish the e-mails in dispute were exempt from disclosure by a preponderance of the evidence. *See Cal. Univ. of Pa. v. Schackner*, 168 A.3d 413, 417 (Pa. Cmwlth. 2017).

Therefore, I concur.

_____
STACY WALLACE, Judge